# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America )<br>v. )<br>)  Case No.<br>)       1:25-mj-634-KMB<br>German Lazo Mendez )<br>)<br>)<br>*Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 30, 2025__ in the county of __Marion__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(2) | Illegal Reentry of Removed Alien After Deportation |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

/s/ Justin Kamely-Mellin
*Complainant's signature*

Justin Kamely-Mellin
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __telephone__ *(reliable electronic means)*

Date: July 7, 2025

City and state: Indianapolis, Indiana

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

## AFFIDAVIT FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Justin Kamely-Mellin, being duly sworn upon oath, state as follows:

1. I am a Deportation Officer (DO) with United States Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), and have been so employed in this capacity since November 2017. I am currently assigned to the Criminal Alien Program (CAP) at the ERO office in Indianapolis, Indiana, where I serve as the Prosecutions Officer and oversee Indiana Department of Corrections (IDOC) facilities. I have more than eleven (11) years of training and experience in the enforcement of U.S. immigration and customs laws of the United States.

2. The following information is based upon my personal knowledge, information provided to me by other law enforcement personnel, and ICE records pertaining to the defendant, **German LAZO Mendez** (hereinafter **LAZO Mendez**). Based on my training and experience in the investigation of federal immigration laws and my investigation of the facts outlined below, I have probable cause to believe that on or about June 30, 2025, **LAZO Mendez** was unlawfully present in the United States after having been previously removed from the United States by ICE and whose removal was subsequent to a conviction for commission of a felony, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

3. This Affidavit is being submitted for the limited purpose of establishing probable cause necessary to secure an arrest warrant of **LAZO Mendez**. It does not include every fact known to me about the investigation, but rather only those facts that I believe are sufficient to establish the requisite probable cause.

4. **LAZO Mendez** is a citizen of Honduras by birth in Honduras on July 1, 1990.

1

5.      I reviewed documents contained within Alien Registration File 205 830 054, pertaining to **LAZO Mendez**. Those documents demonstrate that **LAZO Mendez** was removed from the country on August 28, 2015. I know that from the following documents: (1) a Final Administrative Removal Order, Form I-851(a), dated August 28, 2015; (2) a Warrant of Removal/Deportation, Form I-205, dated July 17, 2015, indicating that **LAZO Mendez** was removed to Honduras from Alexandria Bay, New York via flight, on September 4, 2015; and 3) a Warning to Alien Ordered Removed or Deported, Form I-294, dated July 17, 2015, stating that **LAZO Mendez** was prohibited from entering the United States at any time because "you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony, as defined under section 101(a)(43) of the Act."

6.      Despite that warning and removal, **LAZO Mendez** was found in the United States on at least one other separate occasion and ordered removed pursuant to a reinstatement of the prior 2015 Removal Order. I know this from the following documents: a May 18, 2019 Removal: (1) a Notice of Intent/Decision to Reinstate Prior Order, Form I-871, dated April 30, 2019; (2) a Warning to Alien Ordered Removed or Deported, Form I-294, dated April 29, 2015, stating that **LAZO Mendez** was prohibited from entering the United States at any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony, as defined under section 101(a)(43) of the Act; (3) a Warrant of Removal/Deportation, form I-205, dated April 29,

2019, indicating that **LAZO Mendez** was removed to Mexico from Phoenix-Mesa Gateway Airport, Arizona via flight, on May 18, 2019.

7. ICE records indicate **LAZO Mendez** has not obtained permission from the Attorney General or his successor, the Secretary of Homeland Security, to reenter the United States after having been removed.

8. I also reviewed the criminal history pertaining to **LAZO Mendez** which revealed the following prior convictions:

   a. Illegal Re-entry, in violation of 8 U.S.C. § 1326(a) and (b), (felony), in Cause No. 7:15-CR-1786-001, United States District Court for the Southern District of Texas, on or about April 20, 2016.

   b. Armed Robbery, in violation of IC 35-42-5-1(2), in Case No. 41D03-1301-FB-00001, Johnson Superior Court for the State of Indiana, on or about July 18, 2013.

9. On or about June 29, 2025, **LAZO Mendez** was arrested by the Marion County Sheriff's Office, Indianapolis, Indiana, under Cause No. 49D23-2506-CM-019830 for the following:

   a. Count I Battery Resulting in Bodily Injury, in violation of IC 35-42-2-1(c)(1), (class A misdemeanor);

   b. Count II Intimidation-Forcible Felony, in violation of IC 35-45-2-1(a)(1), (level 6 felony);

   c. Count III Battery-Injury, in violation of IC 35-42-2-1(c)(1), (class A misdemeanor);

    d. Count IV Intimidation, in violation of IC 35-45-2-1(a)(1), (class A misdemeanor).

10. On June 30, 2025, the Pacific Enforcement Response Center (PERC) searched **LAZO Mendez's** fingerprints in the ICE biometric identification system (IDENT). **LAZO Mendez's** fingerprints were found to match the pre-existing immigration record associated with **LAZO Mendez**. These fingerprints were also submitted to the Next Generation Identification (NGI) system and were found to match a pre-existing record associated with **LAZO Mendez**.

11. On June 30, 2025, the PERC placed an Immigration Detainer (Form I-247G) under alien registration number 205 830 054 with Marion County Jail in Indianapolis, Indiana for **LAZO Mendez.**

12. On July 1, 2025, I reviewed state court documents and ran checks on **LAZO Mendez** through immigration databases, which confirmed **LAZO Mendez's** prior immigration removals and state convictions.

13. Based on the foregoing, there is probable cause to believe that on or about June 30, 2025, **LAZO Mendez** was an alien who has been found in the United States in Indianapolis, Indiana, Marion County, within the Southern District of Indiana, after having been previously removed or deported from the United States and whose removal was subsequent to a conviction for commission of a felony, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

AFFIANT FURTHER SAYETH NOT.

        /s/Justin Kamely-Mellin
Justin Kamely-Mellin
Deportation Officer
ICE, ERO

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 7/7/2025



Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

5